**Appeal and error ⬤⚯766—Briefs violating Supreme Court rules for briefing not considered.**

Briefs violating rules for briefing promulgated by the Supreme Court June 22, 1921 (230 S. W. vii), will not be considered.

Appeal from District Court, Henderson County; W. R. Bishop, Judge.

Suit by W. B. Taylor against Sam Weaver. Judgment for plaintiff, and defendant appeals. Affirmed.

Miller & Miller, of Athens, for appellant. W. D. Justice, of Athens, for appellee.

WALKER, J. This suit was instituted by appellee against appellant to recover from him the possession of certain lands. The title to the land was not adjudicated. The proof showed, and the trial court so found, that appellant secured the possession of the land in controversy by buying out the crop of appellee's tenant. That finding is not challenged by appellant. On the conclusion just stated, judgment was properly rendered by the trial court for appellee for possession of the land in controversy, with writ of restitution. Juneman v. Franklin, 67 Tex. 411, 3 S. W. 562.

We cannot consider appellant's briefs filed in this cause, because they are in gross violation of the new rules for briefing promulgated by the Supreme Court on the 22d day of June, 1921 (230 S. W. vii), and construed by us in Millers Indemnity Co. v. Schrieber, 240 S. W. 963.

When an effort, no matter how defective, has been made to comply with the rules, we do not hesitate to give appellant an opportunity to rebrief, and even on the facts of this case, if it reasonably appeared that appellant could show error, we would extend him that privilege, but a careful examination of the record and appellant's briefs shows that no error was committed by the trial court, and that no judgment except in favor of appellee could be sustained.

═══════

## WEAVER v. TAYLOR.　(No. 977.)

(Court of Civil Appeals of Texas. Beaumont.
May 19, 1923.)

**Appeal and error ⬤⚯766—Briefs violating Supreme Court rules for briefing not considered.**

Briefs violating rules for briefing promulgated by the Supreme Court June 22, 1921 (230 S. W. vii), will not be considered.

Appeal from District Court, Henderson County; W. R. Bishop, Judge.

Suit by W. B. Taylor against Tom Weaver. Judgment for plaintiff, and defendant appeals. Affirmed.

Miller & Miller, of Athens, for appellant. W. D. Justice, of Athens, for appellee.

WALKER, J. This suit was instituted by appellee against appellant to recover from him the possession of certain described lands. The title to the land was not in issue, nor adjudicated. It conclusively appears, without controversy, that appellee was entitled to the *possession* on the issue of possession. As the title was not in issue, this conclusion sustains the judgment in favor of appellee. Juneman v. Franklin, 67 Tex. 411, 3 S. W. 562.

We cannot consider appellant's briefs filed in this cause, because they are in gross violation of the new rules for briefing promulgated by the Supreme Court on the 22d day of June, 1921 (230 S. W. vii), and construed by us in Millers Indemnity Co. v. Schrieber, 240 S. W. 963. When an effort, no matter how defective, has been made to comply with the rules, we do not hesitate to give appellant an opportunity to rebrief, and even on the facts of this case, if it reasonably appeared that appellant could show error, we would extend him that privilege; but a careful examination of the record and appellant's briefs shows that no error was committed by the trial court, and that no judgment except in favor of appellee could be sustained.

Affirmed.

═══════

## EDWARDS v. COX.　(No. 8404.)

(Court of Civil Appeals of Texas. San Antonio. May 23, 1923.)

**Mandamus ⬤⚯4(I)—Does not lie to correct error of law.**

Mandamus does not lie to review error of law which is reviewable on appeal.

Petition for peremptory suit of mandamus by Enoch Edwards against T. M. Cox. Writ denied.

H. Snodgrass, of Beeville, for appellant.

COBBS, J. This is a petition for peremptory writ of mandamus to require Hon. T. M. Cox, judge of the district court of Bee County to enter a certain judgment in favor of relator, Enoch Edwards, against the Beeville Bank & Trust Company.

That portion of the petition necessary to consider is:

"Relator shows: That on April 23d, 1923, just prior to the commencement of the last trial of this cause in the district court, your relator filed an amended petition dropping Beatty-

Folsom Company from said case, and, as between himself and the Beeville Bank & Trust Company, pleaded his defense of payment to said note substantially as at the former trial in district court from which said appeal was taken to said appellate court, and set up in said amendment as a sole defense to the bank's alleged cause of action upon said note the said decision of the Court of Civil Appeals, reversing and remanding, on the 15th day of February, 1922, said case, with directions as to the particular kind of judgment to be rendered. That on the 23d day of April, 1923, the case was again called for trial in the district court. The court heard the pleadings, the evidence and the argument of counsel and then set the case for April 30th for the announcement of his judgment therein. That on the 30th day of April, 1923, district court being in session, Judge T. M. Cox, presiding, rendered judgment in favor of the Beeville Bank & Trust Company upon said note including $350 as attorneys' fees, and in direct violation of instructions given by the said Court of Civil Appeals in remanding said suit, and against the persistent insistence of relator and against relator's urgent request and earnest appeal to Judge Cox to observe and follow the instructions and directions of the Court of Civil Appeals remanding and requiring a particular kind of a judgment to be rendered. That said judgment in favor of said Beeville Bank & Trust Company was rendered on the 30th day of April upon the identical petition as at the former trial in said court asserting its title to said note under the said written transfer from Beatty-Folsom Company of date November 19, 1918.

"(9) The judgment of the court on last trial has not been recorded in the minutes of the district court. The only evidence is an entry on the judge's docket, as follows: 'April 30, 1923; judgment for Beeville Bank & Trust Company for principal and interest of note as prayed for in plaintiff's petition, and for attorneys' fees in the sum of $350. Defendant excepts to the ruling of the court.'"

"Relator further shows that he offered no evidence in support of his cross-action upon the last trial, and in the event he is entitled to a judgment according to the decision stated in the opinion of the Court of Civil Appeals, then he is quite willing to dismiss his cross-action so as to make such judgment a final judgment.

"Wherefore your relator, Enoch Edwards, prays that the Honorable T. M. Cox, respondent, be cited to answer this petition, and upon a hearing of same, that Judge Cox be compelled and required by this court to set aside the judgment just previously rendered in favor of the Beeville Bank & Trust Company, and to render such judgment in favor of Enoch Edwards, relator, as required by the mandate of said Court of Civil Appeals, and that said respondent be cited to show why said writ of mandamus should not issue, and that your relator recover all costs in this behalf expended."

Respondent filed his sworn answer containing various exceptions and concluded his answer by saying:

"And now comes respondent, T. M. Cox, district judge of Bee county, Tex., and in event only that his foregoing exceptions be overruled, and prays to be permitted to further respond herein to the petition of the relator for the writ of mandamus, and says that acting as judge of the district court of Bee county, Tex., and presiding therein, respondent did, as alleged in relator's petition, proceed to try said cause upon the pleadings and evidence and facts adduced on the trial of said cause, and applied the law thereto according to his best judicial discretion, and particularly did respondent obey the mandate of the Honorable Court of Civil Appeals, but it is true that respondent was requested by relator, through his counsel, to render a particular judgment, and so to disregard such pleadings and evidence adduced on the trial of this cause on remand, which request respondent refused to grant relator, and thereupon rendered such judgment, acting wholly within the jurisdiction of said district court, with full regard to the mandate and opinion of the Honorable Court of Civil Appeals, but without further constraint.

"Respondent shows to the court that if it be true that he in any manner failed to apply the law as expressed by the opinion of the Court of Civil Appeals in the trial of said cause, that in so failing he was exercising his judicial discretion which was committed to him, but that in refusing to enter a particular judgment he respectfully shows that he did not disobey the mandate of the court, as complained of by the relator; and this respondent is ready to verify."

Obviously petitioner has misapprehended the holding of this court in Beatty-Folsom Co. v. Edwards (Tex. Civ. App.) 238 S. W. 343.

It was the apparent purpose of this court, as will be seen by reading our opinion in this case, not to decide or adjudicate any matter between Enoch Edwards and the bank. To make that more clear, this court said on the motion for rehearing:

"In view of the fact that after the trial court had instructed a verdict the bank participated no further in the trial, it was not our purpose to pass upon any fact or subsequent issue so as to bind the bank herein in any further litigation between it and Enoch Edwards. As between them, all the matters are left open for future disposition."

The matters were purposely "left open for future disposition" for the trial court, and the honorable trial court has in no sense violated any order of this court. It was for the trial court independently to hear and determine all the issues between these parties, returned to that court for that purpose. It was made very plain in the opinion of this court, and the honorable trial judge has properly construed and followed the opinion.

For any error of law, if any, committed by the honorable trial judge respondent, the relator herein has his right of appeal. Shook v. Journeay (Tex. Civ. App.) 149 S. W. 410.

Relator has here shown no right to the remedy sought by the peremptory writ of mandamus, and the same is in all things denied.